## OSCAR HAIRSTON v. ERLANGER COTTON MILLS.

### (Filed 12 November, 1924.)

**1. Employer and Employee—Master and Servant—Evidence—Nonsuit—Questions for Jury.**

In an action against a cotton mill by its employee to recover damages for an alleged negligent injury, evidence that the defendant's vice-principal, with fellow servants of the plaintiff, was at work on the tops of boilers 30 feet high, at the foot of which the plaintiff was at work with the knowledge of the vice-principal, to whom he had protested against the danger, is sufficient to take the case to the jury and deny defendant's motion as of nonsuit thereon.

**2. Same—Fellow Servant.**

An employee may recover damages against his employer for injuries caused by the other employees' negligence, combined with that of the employee's fellow servants.

**3. Same—Vice-Principal.**

Where the negligence complained of in an action by the employee to recover damages of his employer for the negligent infliction of an injury, the doctrine of the negligence of fellow servants does not apply when the fellow servants, in the respect complained of, were acting under the direct orders of the defendant's vice-principal who was there present.

CIVIL ACTION tried before *Bryson, J.,* and a jury, at July Term, 1924, of DAVIDSON.

The action is to recover damages for an injury caused by alleged negligence of defendant company in not providing for plaintiff, an employee, a safe and proper place in which to do his work. On denial of negligence the cause was submitted to the jury, and verdict rendered as follows:

1. Was plaintiff injured by negligence of defendant as alleged in complaint? Answer: "Yes."

2. What amount of damages is plaintiff entitled to recover? Answer: "$700.00."

Judgment on the verdict and defendant appealed, assigning for error the refusal to allow its motion for nonsuit.

*Spruill & Olive for plaintiff.*
*Raper & Raper, for defendant.*

HOKE, C. J. The evidence tended to show that on 18 February, 1923, plaintiff, an employee of defendant company, was, in the course of his employment, engaged in cleaning off the boilers in the boiler room of defendant company. That there were six of these boilers in the room, placed in an upright position, and each being about thirty feet high. That plaintiff at the precise time of the occurrence was standing very near boiler No. 3, washing the crown sheet just above the furnace, when a heavy piece of iron, two inches thick, four inches in diameter, weighing twelve to fourteen pounds, fell from the top of this boiler No. 3, and struck plaintiff on the shoulder, breaking plaintiff's shoulder blade and knocking him to the floor unconscious, from which he suffered and now suffers greatly, and lessened his capacity for work, etc. That while plaintiff in the line of his duty was engaged in washing off the boilers, as stated, a number of other employees, under the direction and immediate supervision of one Demarcus, a foreman and vice-principal of defendant company, went up on top of the boilers for the purpose of cleaning out the flues. That this was done from the top, and this piece of iron that fell on plaintiff when in place was used to cover a hole in the tram head of the boiler and had evidently been taken from its place and left on the top of the boiler at which plaintiff was at work. That plaintiff, before he was hurt had asked Demarcus, the boss, not to scrape off that boiler while plaintiff was engaged in washing it, and he replied that he had enough men to work on all of them; and further that he, Demarcus, was where he could see plaintiff engaged in washing the crown sheet under boiler No. 3.

Upon this the evidence chiefly pertinent, we are of opinion that the court made correct decisions in disallowing defendant's motion for nonsuit. It is the fully recognized principle in this jurisdiction that an employer of labor in the exercise of reasonable care must provide for his employees a reasonably safe place to work, and provide them with implements, tools and appliances reasonably safe and suitable for the work in which they are engaged. *McKinney v. Adams,* 184 N. C., p. 562, and authorities cited. And it is equally well established that on a motion to nonsuit, the evidence making in favor of plaintiff's right must be taken as true and interpreted in the light most favorable to him.

*Pettitt v. R. R.,* 186 N. C., p. 9; *Moore v. R. R.,* 179 N. C., p. 639; *Aman v. Lumber Co.,* 160 N. C., p. 369.

Applying these principles, it was assuredly a breach of duty on the part of the employer to put these hands to work on the top of the boilers, cleaning out the flues and involving the displacement of the heavy iron weights, which were liable to roll down on plaintiff, engaged in his work below. True, there may have been negligence on the part of some of the hands, fellow servants of plaintiff, but the threatening conditions presented were caused by the employer in sending the hands up there and keeping them at work while plaintiff was engaged below, our decisions on the subject being to the effect that where the negligence of an employer and a fellow servant concur in producing an injury, an action lies, the claimant himself being free from blame. *Harmon v. Contracting Co.,* 159 N. C., p. 28; *Wade v. Contracting Co.,* 149 N. C., p. 177. A position that is further emphasized by the fact that the work itself was being done under the immediate supervision and direction of a vice-principal who was acting in disregard of an express remonstrance, and for whose misconduct the defendant, his employer, is responsible. *Davis v. Shipbuilding Co.,* 180 N. C., p. 76; *Smith v. R. R.,* 170 N. C., p. 184.

We find no reversible error in the record, and the judgment below is affirmed.

No error.