M. W. OVERTON v. FARMERS MANUFACTURING COMPANY ET AL.

(Filed 27 February, 1929.)

**Master and Servant—Master's Liability for Injuries to Servant—Warning and Instructing Servant.**

> Where there is evidence that a totally inexperienced employee is instructed by the superintendent of a manufacturing company to assist another, an experienced employee, in putting a blow pipe in a boiler for the purpose of its repair, and upon the assurance of safety and under immediate direction of the other employee he taps with a hammer a certain pipe, and suddenly steam envelopes him, causing the injury in suit: *Held,* sufficient to take the case to the jury upon the issue of the defendant's actionable negligence. *White v. Power Co.,* 151 N. C., 356 distinguished. *Fowler v. Conduit Co.,* 192 N. C., 14, cited and applied.

CIVIL ACTION, before *Small, J.,* at December Term, 1928, of GATES.

The defendants operated a sawmill with three boilers, each incased separately in a big wall. The incasement had a door or opening at the rear of the boiler through which workmen could enter and repair the boiler or remove ashes and cinders. An iron pipe descended from the bottom of the boiler two or three feet to the level of the ground, fitting into an elbow projecting out of the back wall. The pipe was intended to relieve the boiler of scales and other accumulations. The pipe was also intended as a means of blowing out the boiler. The horizontal part of the pipe was disconnected, leaving the descending or perpendicular part

and the elbow suspended from the boiler. On the morning of 12 June, 1926, plaintiff was directed by the superintendent to assist in putting a blower pipe on the boiler. The plaintiff said: "I had not had any experience in working around boilers; I had never fired a day or worked around a boiler a day, and had had no experience in repairing or working on boilers. . . . Mr. Worthington told me to go to the shop and help Mr. Manseau put in a blower pipe to the boiler. I asked him if the boiler was clear, and he told me that it was—that it broke down about 2 o'clock and blowed out. I had nothing to do with the boiler. No other instructions were given to me by any one with respect to how to do the work or the dangers, if any, involved in it, and I had no knowledge of the dangers incidental to the work. I told Mr. Manseau that Mr. Worthington had sent me to help put in a blower pipe, and he said, 'All right,' and I said, 'Is the boiler clear?' and he said, 'Yes, she broke down about 2 o'clock.' . . . I crawled through the hole left in the brick wall under the boiler. I was in the hole up to across the middle of my thighs. My feet were sticking out of the hole in the brick wall. . . . When I got to where I could reach it with a hammer John said: 'Touch it with a hammer and see if it is loose,' and I touched it and it was loose, and I tapped it the next time a little bit harder, and the steam and hot water just covered me up that quick; it was just like a gun fire underneath there. I didn't know what happened for a second. The steam shot out like a gun-shot and hit me in the face and eyes and head and breast, and I pulled my cap down to protect my eyes."

The injuries sustained by plaintiff were serious and permanent. The issues were answered in his favor, and the jury assessed the damages at $10,000.

From judgment upon the verdict the defendants appealed.

*Costen & Costen and Ehringhaus & Hall for plaintiff.*
*A. P. Godwin and Ward & Grimes for defendants.*

BROGDEN, J. The boiler was out of repair, and the plaintiff, a workman, having no knowledge of boilers, was directed by his foreman to assist in making the necessary repairs. The plaintiff testified that he was directed to strike the descending pipe of the boiler with a hammer, and that as a result thereof a large volume of hot steam was released upon his body. Moreover, there was evidence in behalf of the plaintiff that he was given positive assurance by his foreman that the boiler contained no steam.

This testimony, which was accepted by the jury, takes the case out of the principle announced in *White v. Power Co.*, 151 N. C., 356, 66 S. E., 210, upon which the defendants rely.

The liability of the employer in the case at bar is governed by the principles announced in *Fowler v. Conduit Co.,* 192 N. C., 14, 133 S. E., 188, to the effect that liability results where the employer gives assurance of safety or where the work is done under his supervision and in accordance with his instructions. *Atkins v. Madry,* 174 N. C., 187, 93 S. E., 744; *McKinney v. Adams,* 184 N. C., 565, 115 S. E., 51; *Hairston v. Cotton Mills,* 188 N. C., 557, 125 S. E., 124.

No error.